UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER PRICE,

      Plaintiff,

      v.

MICHAEL JOHNSON, et al.,

      Defendants.

No.  2:25-cv-03506-CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis. ECF No. 2. Plaintiff's declaration in support of the motion makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

## I.   Screening Requirement

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.   Allegations in the Complaint

Plaintiff alleges that on April 18, 2025, Shasta County Jail deputies used excessive force on him resulting in broken ribs, a broken toe, and other injuries. ECF No. 1 at 3. Plaintiff also alleges that he was sprayed with pepper spray and not decontaminated "for days." Id at 4.

2

Plaintiff names as defendants Sheriff Johnson, Sgt. Huarte, and Deputies Dixon and Lewis. Id. at 1.

### III.    Legal Standards

#### A.    Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.    Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

#### C.    Excessive Force Claims

A pretrial detainee may not be subjected to restrictions and/or conditions of confinement that amount to "punishment" under the Due Process Clause of the Fourteenth Amendment. See

Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016).

In order to state a Fourteenth Amendment excessive force claim, plaintiff must allege specific facts showing (1) a defendant purposely and knowingly used force against him; and (2) the force used was objectively unreasonable. See Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015).

**IV.    Analysis**

Having conducted the required screening, the court finds that the complaint states cognizable Fourteenth Amendment claims against Shasta County Sheriff Sgt. Huarte and Deputies Dixon and Lewis. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. However, there are no allegations against defendant Johnson, other than his position as a supervisor.[1] This is not a sufficient factual basis to rest liability. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Based on these deficiencies plaintiff will be granted leave to file an amended complaint should he decide that he does not want to immediately proceed on the excessive force claim found cognizable against defendants Huarte, Dixon, and Lewis.

**V.    Summary for Pro Se Plaintiff**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Fourteenth Amendment excessive force claims against defendants Huarte, Dixon, and Lewis; OR, (2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

---

[1] Plaintiff also names a number of other deputies in Claim I, but does not include them as defendants so the Court has not addressed those allegations. If plaintiff wishes to name them as defendants in his amended complaint, assuming he includes factual allegations, the Court will consider his pleading at the appropriate time.

4

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will construe this failure as consent to dismiss the deficient claims and defendants and will order service of the complaint only on the claims found cognizable in this screening order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff has the option to proceed immediately on the Fourteenth Amendment excessive force claims against defendants Huarte, Dixon, and Lewis.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file an amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient defendant(s) and proceed only on the cognizable claims identified in this screening order.

Dated: April 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER PRICE,

     Plaintiff,

v.

MICHAEL JOHNSON, et al.,

     Defendants.

No.  2:25-cv-03506-CKD

NOTICE OF ELECTION

**Check only one option:**

_____   Plaintiff wants to proceed immediately on the Fourteenth Amendment excessive force claims against defendants Huarte, Dixon, and Lewis.  Plaintiff voluntarily dismisses the remaining claims and defendants.

_____   Plaintiff wants time to file an amended complaint.

DATED:

                                   _____
                                     Plaintiff